UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OLUWASEUN KUYORO and YAHQUB BELLO,<br><br>Defendants. | Case No. 1:16-cr-238-BLW<br><br>**FINAL ORDER OF FORFEITURE** |

WHEREAS, on August 31, 2017, this Court entered a Preliminary Order of Forfeiture (ECF No. 53), pursuant to the provisions of 18 U.S.C. § 982(a)(2), based upon the Rule 11 Plea Agreements of OLUWASEUN KUYORO (ECF No. 42 – Amended and filed under seal July 5, 2017) and YAHQUB BELLO (ECF No. 27 – filed under seal May 24, 2017), and the United States, forfeiting properties described in the forfeiture allegation of the Indictment and Bill of Particulars for BELLO and the Superseding Information for KUYORO and as set out in the Preliminary Order.

WHEREAS, the United States caused notice of the above-referenced

FINAL ORDER OF FORFEITURE - 1

forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6), including publication on an official government internet site (www.forfeiture.gov) as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, as required by Rule 32.2(b)(6)(C);

AND WHEREAS, no claims were filed.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the Motion for Final Order of Forfeiture (ECF No. 94) is GRANTED. The Court further directs the United States Secret Service (and/or its agents) to forthwith seize all of the forfeited properties, not heretofore seized, which are described below.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

That the right, title and interest to the hereinafter described property is hereby condemned, forfeited and vested in the United States of America, and that no claim of interest in said property shall exist in any other person or entity, and that said property shall be disposed of according to law:

**Subject Property:**

1. <u>Unrecovered Cash Proceeds:</u> As to each defendant, the sum of at least $30,000 in United States currency, in that such sum represents the

unrecovered proceeds of the offenses of conviction each defendant obtained as set out in the factual bases of their plea agreements, or property derived from such proceeds, but based upon actions of the defendants, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. <u>Seized Currency</u>:

   a. The sum of approximately $12,380.00 seized from the Viking safe in defendant Yahqub Bello's bedroom closet; and

   b. The sum of approximately $1,800.00 seized from defendant Yahqub Bello's wallet.

Having clear title, and pursuant to 21 U.S.C. § 853(n)(7), the United States may warrant good title to any subsequent purchaser or transferee.

IT IS FURTHER ORDERED that any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposit, as well as income derived as a result of the United States's management of any property forfeited herein, and the proceeds from the sale of any forfeited property, after the payment of costs and expenses incurred in connection with the forfeiture, sale and disposition of the forfeited property, and the payment of mortgages as noted herein, shall be deposited forthwith by the United States Secret Service into the Treasury Asset Forfeiture Fund in accordance with 28 U.S.C. § 524(c).

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order and as to related forfeiture matters herein; and

IT IS FURTHER ORDERED that all parties herein shall bear their own costs and fees.

DATED: April 26, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge

FINAL ORDER OF FORFEITURE - 4